# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| HELEN R. REYES, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 6:19-cv-00214 |
| MASON COMPANIES, INC. d/b/a MASSEYS d/b/a MASON EASY-PAY, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW comes HELEN R. REYES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MASON COMPANIES, INC. d/b/a MASSEYS d/b/a MASON EASY-PAY ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### PARTIES

2. Plaintiff is a natural person over 18 years-of-age residing in Milam County, Texas, which falls within the Western District of Texas.

3. Defendant is an online retailer of women's products.[1] Defendant is a corporation organized under the laws of the state of Wisconsin, with its principal place of business located at 1251 1st

---

[1] https://www.masseys.com/customer-service/faqs/detail/about-us/_/A-1598

1

Avenue, Chippewa Falls, Wisconsin.  Defendant regularly conducts business within the state of Texas.

4. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

5. Several months ago, Plaintiff obtained a line of credit from Defendant for the purchase of personal and household goods.

6. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Defendant, thus incurring debt ("subject consumer debt").

7. Recently, Plaintiff retained counsel to file for bankruptcy. Around December of 2018, and upon the advice of Plaintiff's counsel, Plaintiff mailed a letter to Defendant to inform it of her intent to declare bankruptcy.

8. In her letter, Plaintiff demanded that Defendant refrain from contacting her, and Plaintiff provided Defendant with her bankruptcy counsel's information.

9. Around January of 2019, Plaintiff began receiving calls to her cellular phone, (512) XXX-8963, from Defendant seeking to collect upon the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8963. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (608) 324-4198 and (608) 324-9112.

12. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

13. Thereafter, in order to reinforce her demands, Plaintiff mailed a cease and desist letter to Defendant to reiterate her demands to stop contacting her.

14. Despite Plaintiff's efforts, Defendant continued to regularly call her cellular phone through the filing of this Complaint.

15. When Plaintiff answers calls from Defendant she is often subjected to pre-recorded messages using an artificial voice.

16. Defendant has also left pre-recorded messages on Plaintiff's voicemail.

17. Plaintiff has received not less than 25 phone calls from Defendant since asking it to stop calling.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

19. Many of Defendant's calls have come after having actual knowledge that Sulaiman was representing Plaintiff.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. Defendant's use of pre-recorded messages subject it to liability under the TCPA.

25. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

26. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, HELEN R. REYES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

31. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

32. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

33. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 25 times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

34. Upon being told to stop calling and advised of Sulaiman's representation Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome. Upon information and belief, Defendant consciously chose to continue to harass Plaintiff because it was aware of Plaintiff's intent to file for bankruptcy. Consequently, it was Defendant's goal to extract payment from Plaintiff through its coercive tactics before Plaintiff filed her bankruptcy petition.

    **b. Violations of TDCA § 392.304**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

36. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

    WHEREFORE, Plaintiff HELEN R. REYES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 20, 2019                                           Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq.                                   Taxiarchis Hatzidimitriadis, Esq.
*Counsel for Plaintiff*                                         *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                              Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (630) 581-5858 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.co