**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **TRACY GWINN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:19-CV-00153-ADA-JCM** |
| | § | |
| **THE   PRUDENTIAL   INSURANCE COMPANY OF AMERICA,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DOCKET CONTROL ORDER PURSUANT TO RULES 16(b) AND 26(f)**

The Court shall hold a Rule 16(b) initial pretrial scheduling and discovery conference on Wednesday, June 19, 2019 at 1:30 p.m.  The conference will be conducted by telephone at phone number (877) 336-1828 and code 4740041 and will be attended by at least one counsel for each party having appeared as of the date of this order.[1]

The parties are directed to confer pursuant to Federal Rule of Civil Procedure 26(f) and file with the Court, two (2) days before the scheduled Rule 16(b) conference, both a joint proposed scheduling and discovery plan reflecting the Rule 26(f) criteria and a completed version of the Court's standard Scheduling Order.[2]  The parties or their counsel shall confer, complete and prepare the form, obtain the appropriate signatures, and e-mail the proposed scheduling order in Word format to jennifer_galindo-beaver@txwd.uscourts.gov and

---

[1] Given the consecutive nature of the Court's docket control conferences, counsel is admonished to dial into the call at the precise time scheduled.

[2] The Scheduling Order can be accessed online at the Court's website: https://www.txwd.uscourts.gov/judges-information/standing-orders/

martin_dungan@txwd.uscourts.gov no later than two (2) business days before the scheduled Rule 16(b) conference. Any disagreements shall be addressed at the conference.

During the Rule 26(f) meeting, the parties or their counsel shall discuss the nature and basis of their claims and defenses, the possibilities for prompt settlement or resolution of the case, and the scope and type of discovery, including electronic discovery. The parties shall also arrange for the disclosures required by Rule 26(a)(1) and develop their joint proposed scheduling/discovery plan. These are the minimum requirements for the meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The discussion of claims and defenses shall be a substantive, meaningful discussion. In addressing settlement or early resolution of the case, the parties are required to explore the feasibility of ADR between themselves as well. If the parties elect not to participate in an early ADR effort, the Court may nonetheless require a settlement conference shortly before trial.

In addressing the Rule 26(a)(1) disclosures, the parties shall discuss the appropriate timing, form, scope or requirement of the initial disclosures, keeping in mind that Rule 26(a)(1) contemplates the disclosures will be made by the date of the Rule 16(b) initial scheduling conference and will include at least the categories of information listed in the rule. Rule 26 affords the parties flexibility in the scope, form and timing of disclosures under both Rule 26(a)(1) (initial disclosures) and Rule 26(a)(2) (expert witness disclosures), but the parties' agreement on disclosures is subject to approval by the undersigned. In their discussion of disclosures, counsel shall address issues of relevance in detail, with each party identifying what it needs and why. The discussion shall include the sequence and timing of follow-up discovery, including whether that discovery should be conducted informally or

formally and whether it should be conducted in phases to prepare for filing of particular motions or for settlement discussions.

In addressing electronic discovery, the parties shall discuss what electronic sources each party will search, difficulty of retrieval, preservation of records, the form of production (electronic or hard-copy, format of production, inclusion of meta-data, etc.), cost of production and which party will bear the cost, privilege/waiver issues, and any other electronic discovery issues present in the case. Before engaging in the Rule 26 discussion, the parties should determine who is most familiar with the client's computer system, what electronic records the client maintains, how the client's electronic records are stored, the difficulty/ease of retrieving various records, the existence and terms of the client's document retention/destruction policy, and whether the client has placed a "litigation hold" preventing destruction of potentially relevant records.

Finally, discovery disputes **MUST** be resolved in the following manner:

(1)    The parties will confer and fully comply with Federal Rule of Civil Procedure 37(a)(2) and Local Rule AT-4(e) by undertaking sincere and good-faith efforts to resolve all differences without the undersigned's action or intervention.

(2)    If reasonable, good faith efforts are made by all parties to resolve the dispute(s) without success, the parties will then schedule a telephonic conference with the undersigned to resolve the disputes **BEFORE** filing any motion. Filing a motion before exhaustion of these steps may result in summary denial of a compel motion.

(3)    If the conference does not resolve the dispute, the Court will then entertain a motion to compel, for sanctions, for protective order, or for other relief. The moving party

shall comply with Federal Rule of Civil Procedure 37(a)(2) and Local Rule AT-4(e) in preparing such motion and will submit the appropriate certifications to the Court.

(4)    The Court may refuse to hear any discovery motion for noncompliance with any of the above, including failure to make a good faith effort to resolve the dispute. The Court may also award costs and / or reasonable attorney's fees for noncompliance with the above steps.

If a dispute arises in the limited situations where compliance with the above is unfeasible (for example, during a deposition), the parties may contact the undersigned's chambers for an immediate conference on the dispute.  This should be considered an option of last resort.

**SO ORDERED** this 23rd day of May, 2019.

**THE HONORABLE JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**